## SCHWARTZ vs. KUHN & al.

Where one entered upon a part of a tract of land under a deed of the whole, from one having no title, and afterward received a deed from the *disseisee* of a large part of the same tract, the Court *held*, that it was a question for the consideration of the jury, whether the disseisor did not *intend* thereby, to yield and abandon his *possessory* title to the *whole tract*, on thus obtaining a perfect title to a *large part* of it.

TRESPASS, *quare clausum fregit.* The plaintiff derived title to the *locus in quo* from *William Sullivan,* by deed dated *Feb.* 5, 1822 ; and the principal question in the case was, whether at said time, *Sullivan* was so seised, as to be legally capable of conveying a good title. In regard to which it was proved, that in 1799, one *Eugley* entered upon a tract of land including the *locus in quo,* and lived upon and occupied a part of the tract under a deed from *Jacob Benner, recorded in* 1812, but no part of the *locus in quo* was *actually occupied* by him. It was also proved, that in *October,* 1808, *John Gleason,* as the attorney of *Henry Jackson,* then the owner of a large tract of 5000 acres, including the *locus in quo,* and under whom said *Sullivan* derived his title, entered upon said large tract and surveyed the same, and made a *formal entry* on it, and took possession thereof. And said *Jackson* in the same month entered and took possession in person, and gave notice to several of the settlers. But it did not appear that there was an entry on the land then in possession of *Eugley* in particular, or that notice was given to him. It further appeared that on the 8th *of August,* 1815, *Eugley* received a deed from *Sullivan* of a large part of the tract on which he had entered under *Benner's* deed, not however including the *locus in quo* — and on the 16th *of Sept.* 1830, *Eugley* conveyed the whole to *Kuhn,* the principal defendant.

The jury were instructed, that the entry by *Gleason* and *Jackson* in 1808, was sufficient to purge the disseizin committed by *Eugley,* and that the deed of *Sullivan* to the plaintiff, passed a good title to the *locus in quo.* They accordingly re-

Schwartz *v.* Kuhn & al.

turned a verdict for the plaintiff, which was to be set aside if this instruction was not correct.*

*Allen* and *Reed,* for the defendants, cited *Prop. Ken. Pur.* *v. Laboree,* 2 *Greenl.* 275 ; *Higbee v. Rice,* 5 *Mass.* 344 ; *Green v. Liter & als.* 8 *Cranch,* 250 ; *Stearns on Real Actions,* 42.

*E. Smith,* for the plaintiff, cited *Langdon v. Potter & al.* 13 *Mass.* 219 ; *Codman v. Winslow,* 10 *Mass.* 146 ; *Stearns on Real Actions,* 384 ; *Brown v. Porter,* 10 *Mass.* 100.

MELLEN C. J. delivered the opinion of the Court.

As both parties claim under *Sullivan,* both admit his original title. The case finds, that though the deed from *Benner* to *Eugley* of the large tract included the *locus in quo,* and though *Eugley* entered on the land, and has ever since lived on the westerly part of it, yet he was never in the *actual* possession of the *locus in quo.* Of course, *Sullivan* was not disseised of any part of the large tract, except that part which *Eugley* held in *actual* and *exclusive* possession, until his deed from *Benner* was registered in 1812. Then a disseizin of *Sullivan* commenced. Therefore, no entry by *Jackson,* in 1808, was *necessary* to enable him to convey to the person under whom *Sullivan* held. We need not inquire whether such entry was sufficient to purge the disseizin, provided *Jackson* had then been disseised, because he was not disseised as to the *locus in quo.* For this reason, the instructions of the Judge, as to the legality and sufficiency of *Jackson's* entry may be laid out of the case as wholly immaterial in the decision of the cause. After *Eugley's* deed was registered, it is clear that *Sullivan* could not convey to a third person any part of the tract described in *Benner's* deed, so long as the disseizin continued, which was created by the registry of that deed and *Eugley's* open and permanent possession of a part of the tract conveyed by the deed. *Prop.*

* A question was raised in regard to the construction of *Sullivan's* deed to the plaintiff, but the Reporter not having been furnished with a copy of the deed or the plan referred to as making a part of the case, is unable to make a more full report than the foregoing.

*Ken. Purchase v. Laboree,* 2 *Greenl.* 275, and cases there cited; *Little v. Megquier, ib.* 176; *Gookin v. Whittier,* 4 *Greenl.* 16. Still, he might well sell and convey all or any part of the tract above-mentioned to *Eugley,* the disseisor, without violating any principle of law or public policy, and therefore, by *Sullivan's* conveyance to him, he acquired an indefeasible title to the land described in the deed. As to this there can be no question; but under certain circumstances, the transaction might have legally been followed by other consequences, in reference to the *residue* of the tract conveyed by *Benner's* deed, which deserve serious consideration, but seem not to have received it. Now, if by the above arrangement between him and *Sullivan,* the *intention* was, that the *possessory title* of *Eugley* in the *whole tract,* should be yielded and abandoned to *Sullivan,* for the sake of obtaining from him a *perfect legal title* as to a *large part* of the tract, the effect would have been to give complete operation to *Sullivan's* deed to *Schwartz, which unquestionably, in its description, embraces the locus in quo.* There are many reasons for presuming this to have been the true character of the above-mentioned arrangement. In the case of *Fox & al. v. Widgery,* 4 *Greenl.* 214, it appeared that *Storer* was supposed to be sole owner of the *whole* tract of land, whereof partition was prayed — being in possession and claiming the *whole;* but, in truth, the title to a part of it belonged to the heirs of *Titcomb.* In this situation of things, *Widgery,* the ancestor of the respondent, levied his execution in due form on the whole tract as the estate of *Storer.* Afterwards, *Widgery* purchased the title of six of the heirs, and applied to another heir to purchase his. The Judge who tried the cause, ruled that *Widgery's* acceptance of those deeds and application for a deed from another, amounted to a waiver of all possessory claims, and put an end to any supposed disseizin of the true owners: and that after he had purchased of *six* heirs of *Titcomb,* he must be considered as holding in common with the *seventh* heir. On a question reserved, the Court set aside the verdict, saying, " The question, whether it was in fact or in-" tended to be a waiver or abandonment of those rights," (acquired by the supposed disseizin) " was one proper for the con-

" sideration of the jury, and which, as such, should have been " submitted to their decision, it being a question of intention." A title by disseizin is not a subject of favour in a court of law, and the character of the transaction above-mentioned, as to the conveyance from *Sullivan* to *Eugley*, seems not to have been considered by the Court and jury, but their attention was distinctly drawn in another direction by the instruction of the Judge as to the legality and effect of *Jackson's* entry, which instruction, though unimportant in respect to the *real merits* of the cause, as we have before stated, we are satisfied was incorrect: Such being the situation in which the parties stand before us, we think that the question of *intention* in making the arrangement between *Sullivan* and *Eugley* should be submitted to a jury in order to ascertain whether *Eugley's* disseizin was thereby purged and completely done away, as to the whole of the tract conveyed to him by *Benner*, according to the decision in *Fox & al. v. Widgery* — accordingly, the verdict is set aside and a new trial granted.